SLR:LDM:JC
F.#2011R01705

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - -X
UNITED STATES OF AMERICA

    -against-

MICHAEL ADAMS,
    also known as "Neil
    Taylor" and "Black,"

        Defendant.
- - - - - - - - - - -X

CONSENT ORDER OF
FORFEITURE

11-CR-535(S-1)(SJ)



WHEREAS, on May 2, 2012, the defendant, Michael Adams, entered a plea of guilty to the above-captioned superseding indictment, charging a violation of 21 U.S.C. § 846; and

WHEREAS, the defendant, as part of his cooperation agreement with the United States, has consented to the entry of an Order of Forfeiture, imposing a forfeiture money judgment in the amount of Three Hundred Thousand Dollars ($300,000.00) in United States currency (the "Forfeiture Money Judgment"), as well as forfeiture of any and all right, title and interest that the defendant may have had in the following assets that were previously judicially or administratively forfeited (the "Forfeited Assets"): (1) $50,700 in U.S. currency seized from Michael Adams on November 23, 2009; (2) $5,000 in U.S. currency seized from Keva Adams on August 15, 2011; (3) a 2003 GMC Yukon seized from Michael Adams on August 15, 2011; and (4) $2,248 in

U.S. currency seized from Arthur Stewart on August 16, 2011, as property that constitutes or derived from proceeds the defendant obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 846, property used or intended to be used in any manner or part to commit or facilitate the commission of such violation, and/or substitute assets as defined in 21 U.S.C. § 853(p), and thus are subject to forfeiture to the United States pursuant 21 U.S.C. § 853 (a) and (p).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(a) and (p);

2. The Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service. The defendant shall pay the Forfeiture Money Judgment in full as follows: (1) the first partial payment of $20,000 towards the Forfeiture Money Judgment shall be due before the defendant enters his plea; (2) the second partial payment of $55,000 toward the Forfeiture Money Judgment shall be due within 180 days of the plea; and (3) the balance of the Forfeiture Money Judgment of $225,000 shall be paid at least 30 days prior the sentencing (the "Due Date"). The Forfeited Assets should not be credited towards the Forfeiture Money Judgment.

3. The defendant shall cause said checks to be sent by overnight mail or hand-delivery to Assistant United States Attorney James Cho, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of each check.

4. If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the forfeiture of any other property that he owns up to the balance owed on the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p). The Government may also execute the Forfeiture Money Judgment against any other assets of the defendant up to the outstanding balance, pursuant to the Federal Debt Collection Procedure Act, or any other applicable law.

5. The defendant agrees to fully assist the Government in effectuating the payment of the Forfeiture Money Judgment. The defendant also agrees to fully assist the Government in effectuating the surrender of the Forfeited Assets and to take whatever steps are necessary to ensure that clear title thereto passes to the United States. The defendant agrees not to file or interpose any claim or to assist others to file

or interpose any claim to the Forfeited Assets or to any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

6. The defendant agrees that the Forfeiture Money Judgment and forfeiture of the Forfeited Assets are not to be considered a payment of a fine or a payment of any income taxes that may be due.

7. The defendant shall disclose all of his assets to the United States on a United States Department of Justice Financial Statement form (hereinafter, the "Financial Statement"). The defendant shall forfeit to the United States all assets in which he has an interest but fails to disclose on the Financial Statement, if any. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The defendant shall execute any documents necessary to effectuate the forfeiture of said assets.

8. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury

trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the ex post facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the sentence and included in the judgment. This order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

10. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

11. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. The Clerk of Court is directed to send, by interoffice mail, five certified copies of this executed Order to Assistant United States Attorney James Cho, at the United

States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Date: Brooklyn, New York
September 23, 2012

SO ORDERED:

/s/(SJ)

HONORABLE STERLING [illegible]
UNITED STATES DISTRICT JUDGE